UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VINCENT M. HARRIS            CIVIL ACTION NO. 10-cv-1360

VERSUS            JUDGE STAGG

BRYAN CO.            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

    Vincent Harris, who is self-represented, filed this civil action against "Bryan Co." based on allegations of employment discrimination. Plaintiff obtained service through CT Corporation System on Bryan Company, but no answer was filed, and Plaintiff has now obtained the entry of a default. He was recently directed to file a motion for default judgment. Before Plaintiff filed such a motion, Bryan Co. filed a **Motion to Set Aside Entry of Default (Doc. 15)**.

    Under F.R.C.P. 55(c), a district court may set aside an entry of default for good cause. Defaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement. All doubts about the propriety of the default should be resolved in favor of a contest on the merits. Lacy v. Sitel Corporation, 227 F.3d 290, 292 (5th Cir. 2000). The court has a great deal of discretion in determining whether there is good cause to set aside a default. Among the factors often considered are (1) whether the default was willful, (2) whether setting it aside would

prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default. Id.

Bryan acted fairly promptly, as the case is only a few months old, and its promptness ensures that Plaintiff will suffer no undue prejudice if the default is set aside. Bryan explains that its oversight in this regard was probably the result of significant reduction in its number of employees in recent months, which apparently delayed a responsible manager becoming aware of service of the complaint. Bryan represents that it stands ready to offer a defense to the claims in the complaint.

Bryan has made an adequate showing, especially considering the strong policy against defaults, to merit relief. Accordingly, the **Motion to Set Aside Entry of Default (Doc. 15)** is **granted**. The clerk is directed to set aside the default, and Bryan is directed to file by **April 4, 2011** an answer or motion in response to the complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of March, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE