

RECEIVED

OCT - 5 2011

TONY R. MOORE, CLERK
BY_____
   DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

VINCENT M. HARRIS

versus                 CIVIL ACTION NO. 10-1360
                              JUDGE TOM STAGG

BRYAN COMPANY

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Bryan Company, Inc. ("Bryan Company"). See Record Document 29. For the reasons set forth below, Bryan Company's motion for summary judgment is **DENIED**.

## I. BACKGROUND

Vincent M. Harris ("Harris") was employed by Labor Finders International, Inc. ("Labor Finders"), a temporary employment staffing agency. In December of 2007, Labor Finders assigned Harris to work for Bryan Construction, Inc. at a construction project located in Shreveport, Louisiana. Harris contends that he was subjected to unlawful racial discrimination and retaliation during the time period that he was assigned to Bryan Construction.

Harris filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, presumably against Bryan Company, and the EEOC issued a Dismissal and Notice of Rights as to Harris's complaints against Bryan Company. Harris then filed this lawsuit against Bryan Company. Thereafter, Bryan Company filed the instant motion for summary judgment, asserting that it is a separate and distinct property management company from Bryan Construction and that it does not have any relationship with Harris. See Record Document 29.

## II. LAW AND ANALYSIS

**A.  Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

---

[1] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

2

element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B. "Wrong Entity."**

In its motion for summary judgment, Bryan Company's sole legal argument is that "Mr. Harris brought this lawsuit against the wrong entity." Record Document 29 at 3. The entirety of this argument is contained in one, conclusory paragraph without any relevant case citations to support it. Bryan Company asserts, in its introduction and factual background, that it is a "distinct and uninvolved entity," and contends that it was

3

not involved in the construction of the project where Harris worked, stating that "Labor Finders has no relationship with Bryan Company and has never provided staffing services to Bryan Company." Record Document 29 at 1-2.[2] Harris, proceeding pro se, responds by contending that Bryan Company and Bryan Construction should be considered one employer under the integrated enterprise employer doctrine. Harris claims that Bryan Company and Bryan Construction share the same office and same telephone number. See Record Document 35. Harris argues that these two entities should be viewed as an integrated enterprise.

When separate business entities are sufficiently interrelated, the rule has emerged that those entities may be exposed to liability upon a finding that they represent a single, integrated enterprise--a single employer. See Vance v. Union Planters Corp., 279 F.3d 295, 297 (5th Cir. 2002) (citing Trevino v. Celanese Corp., 701 F.2d 397, 403-04 (5th Cir. 1983)). Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized

---

[2]In support of its motion, Bryan Company attached the declarations of H. Doris Warren, the office manager for Bryan Construction, Keith Dickson, the labor foreman of the construction project at issue, and Greg Murphey, the chief financial officer of Bryan Company, in an attempt to establish this premise. See Record Document 29, Exs. A - C.

control of labor relations, (3) common management, and (4) common ownership or financial control. See id. Courts applying this four-part test have focused on the second factor--centralized control of labor relations. "This criterion has been further refined to the point that '[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?'" Id. (citing Trevino, 701 F.2d at 403).

The inquiry at summary judgment is whether there exists a factual dispute as to which entity made the final decisions regarding employment matters. Based on the evidence before the court and the scant legal argument contained in Bryan Company's motion, the court believes that such a dispute exists and that summary judgment is not warranted. Bryan Company has not met its summary judgment burden of demonstrating the absence of a genuine dispute of material fact by simply asserting that Mr. Harris "brought suit against the wrong entity." Furthermore, viewing the facts in a light most favorable to the plaintiff, this court finds that material factual disputes remain as to whether Bryan Company and Bryan Construction may be considered as a single integrated enterprise.

## III. CONCLUSION

Based on the foregoing analysis, Bryan Company's motion for summary judgment is **DENIED**. An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of October, 2011.

JUDGE TOM STAGG